**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4046**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MARIO LAMAR WAIR, a/k/a Unda,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  George L. Russell, III, District Judge. (1:14-cr-00248-GLR-9)

Submitted:  August 11, 2016          Decided:  November 21, 2016

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Floyd and Senior Judge Hamilton joined.

Harry D. McKnett, LAW OFFICE OF HARRY D. MCKNETT, LLC, Columbia, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Seema Mittal, Assistant United States Attorney, Leo J. Wise, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Mario Wair was indicted on two drug-related offenses for conspiring to distribute and possess with intent to distribute 500 or more grams of cocaine and 280 grams or more of cocaine base between June 2013 and June 2014, in violation of 21 U.S.C. §§ 841, 846 (Count One), and distributing and possessing with intent to distribute more than 28 grams of cocaine or cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two). A jury convicted him on both counts, and the district court sentenced him to 180 months in prison. On appeal, Wair argues that the district court erred in (1) striking his testimony regarding his public authority defense and (2) instructing the jury to disregard such testimony during its deliberations. For the following reasons, we affirm.

I.

In March of 2008, Wair agreed to serve as a confidential informant ("CI") for the Baltimore Police Department ("BPD") in exchange for a reduction in his sentence from a prior drug conviction. As part of his agreement with BPD, Wair agreed to refrain from engaging in criminal activities or undertaking any investigation without the express approval of his supervising

2

officer.[1]  Under BPD's CI program, a supervising officer could authorize a CI to make a controlled purchase of illegal drugs under "very strict circumstances."  J.A. 157.  BPD required supervising officers to maintain control and supervision over a CI before, during, and after any controlled purchase.[2]  BPD never permitted supervising officers to approve the sale of illegal drugs under any circumstances.

Wair was initially assigned to Detective Hagee, but he began working under the direction of Officer Lettau beginning in 2009.  Between August and October of 2009, Wair worked for Lettau as a CI on three occasions, making one controlled purchase and providing information on two other occasions.  After Wair assisted BPD on those three occasions, Lettau lost

---

[1] The registration form Wair signed to become a CI contained clear conditions and directives regarding the permissible scope of his activities, including:

> You shall not initiate a plan to commit criminal activities.
> You shall not become involved in criminal activities.
> You shall not undertake any investigation of any kind without the expressed approval and direction of your control agent.

Supp. J.A. 11.

[2] According to Officer Lettau, a BPD officer would typically meet with a CI to provide instructions and funds to complete the drug transaction, surveil them as they engage in the transaction, and then meet them at a predetermined location to recover the drugs that had been purchased.

3

contact with him. On January 18, 2012, BPD deactivated Wair as a CI due to inactivity. While Lettau tried to alert Wair, no evidence established that Wair was ever informed of his deactivation.

On February 4, 2014--more than two years after BPD deactivated Wair and over four years since Wair last provided formal assistance to BPD--FBI agents stopped Wair as he left the home of codefendant Kareem Moore and seized 140.9 grams of cocaine base and 261.6 grams of cocaine from him. Wair provided the names of his supervising officers to the agents and claimed that he was working as a CI. He admitted to purchasing cocaine earlier that day and selling some of it to Moore. He also admitted to having sold cocaine to Moore on as many as 50 occasions during the past several years. After being released by FBI agents on February 4, he was arrested on July 8, 2014. Wair was indicted for the relevant crimes in connection with the criminal prosecution of four other codefendants.

At trial, Wair attempted to invoke the public authority defense, which provides an affirmative defense for a defendant who reasonably relied on the authority of a government official in committing otherwise illegal acts.[3] He testified that he

---

[3] Wair failed to provide adequate notice of his intention to raise a public authority defense as required by Rule 12.3 of the Federal Rules of Criminal Procedure. The district court (Continued)

4

believed he was acting as a CI under the direction of Hagee during the alleged drug conspiracy between June 2013 and June 2014. He claimed that he continued to remain in communication with Hagee and provided him with information from 2008 up until February 2014 "and beyond." J.A. 238. Wair stated that he had not spoken to Hagee for "at least" a week before engaging in the drug transactions on February 4, but intended to notify him after the fact. J.A. 243. Wair testified that he had received payments from Hagee on several occasions for providing information and making controlled purchases, but offered no evidence to substantiate this claim. While Hagee acknowledged having infrequent contact with Wair over the years, he denied ever providing Wair with any payments, or having directed him to engage in covert activity during the time of the alleged conspiracy.

The government moved to strike the portion of Wair's testimony pertaining to his public authority defense. Over Wair's objection, the district court granted the government's motion, and instructed the jury to disregard any testimony that

---

conditionally admitted his testimony regarding this defense, but reserved the right to strike all such testimony and admonish the jury if he failed to present evidence that Hagee possessed actual authority to authorize his actions. See Fed. R. Evid. 104(b), 401.

Wair believed he was acting on behalf of law enforcement during the time of the alleged drug conspiracy.  In support of its ruling, the district court noted "[t]here is no evidence in the record, in fact, there's evidence to the contrary that Detective Hagee possessed any actual authority to be able to authorize the defendant Wair to engage in the behavior that he engaged in during the course of the conspiracy between June of 2013 and June of 2014." Supp. J.A. 14.


## II.

Trial courts have "broad discretion in ruling on the admissibility of evidence, and we will not overturn an evidentiary ruling absent an abuse of discretion." United States v. Hedgepeth, 418 F.3d 411, 418–19 (4th Cir. 2005).  We have held that "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial."  United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009).

The public authority defense "allows a defendant to seek exoneration based upon his objectively reasonable reliance on the authority of a government official."  United States v. Fulcher, 250 F.3d 244, 253 (4th Cir. 2001).  This affirmative defense requires the defendant to establish that he reasonably

6

relied upon the authority of a government official with actual--not apparent--authority to authorize his otherwise illegal actions. Id. at 253–54.

The district court did not abuse its discretion in excluding Wair's testimony regarding his public authority defense. Wair admitted to not only purchasing cocaine on February 4, but also selling cocaine to Moore on that day and as many as 50 prior occasions. Hagee had the authority to permit controlled purchases by a CI only under "very strict circumstances." J.A. 157. Moreover, he lacked any authority to approve the sale of illegal drugs. Even assuming that Hagee's authority extended beyond Wair's termination as a CI in 2012, Wair failed to present any evidence that Hagee possessed the actual authority to authorize these illegal transactions.[4]

III.

For the foregoing reasons, we affirm the district court's ruling. We dispense with oral argument because the facts are

---

[4] Because we affirm the district court's ruling that Wair failed to establish that Hagee possessed actual authority to authorize his actions, we need not address whether Wair presented sufficient evidence that he was "objectively reasonable" in relying on Hagee's authority. Fulcher, 250 F.3d at 253.

adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED